IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

—————————————————————

THERESA A. LOGAN, f/k/a THERESA
A. ODEJIMI,

                    Plaintiff,                Civil Action No.
                                             3:18-CV-0593 (GTS/DEP)

     v.

TOWN OF WINDSOR/NEW YORK
MUNICIPAL INSURANCE
RECIPROCAL, *et al.*,

                    Defendants.

—————————————————————

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

THERESA A. LOGAN, *Pro se*
50 Williams Road
Windsor, NY 13865

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

      This is an action brought by *pro se* plaintiff Theresa A. Logan, who

was formerly known as Theresa A. Odejimi, against the Town of Windsor,

two of its employees, and its insurer. Although plaintiff's complaint is

written on a form prepared by this court for use in bringing discrimination actions under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, her claims do not arise from allegations of discrimination. Instead, plaintiff complains of injuries she sustained on or about March 7, 2011, when she was allegedly struck by debris thrown in her direction by a snowplow operated by the two individual defendants, who were employees of the Town of Windsor at the time. In her complaint, plaintiff asserts state common law assault and battery causes of action.

Plaintiff's complaint and accompanying motion for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon my consideration of those materials, plaintiff's IFP application is granted, but I recommend that her complaint be dismissed for lack of subject matter jurisdiction, with leave to replead.

I.    BACKGROUND

Plaintiff commenced this action on or about May 18, 2018, by the filing of a complaint, accompanied by a motion for leave to proceed IFP. Dkt. Nos. 1, 2. Plaintiff's complaint names Robert Brinks, Gregg Story, the Town of Windsor, and New York Municipal Insurance Reciprocal ("NYMIR") as defendants. Dkt. No. 1 at 1-2. According to her complaint and accompanying materials, plaintiff was struck by debris thrown in her

direction by a snowplow operated by defendant Brink, with defendant

Story operating as the "wingman," on March 7, 2011, in the Town of

Windsor. *Id.* at 3-4, 5-11, 19-25. Plaintiff claims that, as a result of that

incident, she has undergone two surgeries to repair injuries to her lower

and upper back. *Id.*

Plaintiff's complaint makes vague references to a state court action

brought as a result of the accident. *See, e.g.,* Dkt. No. 1 at 6 ("Plaintiff was

also forced to represent herself, 'Pro Se' after the Judge dismissed her

former attorney from her case on May 15, 2015."). As relief, plaintiff

requests the issuance of a writ of *certiorari* and restoration of her original

lawsuit in the amount of $209,000.[1] *Id.* at 4.

II.    DISCUSSION

A.    Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the

statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C.

§ 1914(a). A court is authorized, however, to permit a litigant to proceed

---

[1]    Setting aside the fact that plaintiff's complaint does not clearly articulate which court has issued an order that may be subject to *certiorari* review, it is far from clear that the circumstances of this action are ripe for the district court to exercise what (if any) authority it has to grant plaintiff's request for a writ of *certiorari*. *See Univ. Nat'l Stockholders Protective Comm., Inc. v. Univ. Nat'l Life Ins. Co.*, 328 F.2d 425, 426 (6th Cir. 1964) ("It is well settled that the supplementary relief powers granted to [courts] by the All Writs Statute [28 U.S.C. § 1651] are meant to be used only in exceptional cases where there is clear abuse of discretion or usurpation of judicial power.").

IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[2]  In this instance, because I conclude that plaintiff meets the requirements for IFP status, her application for leave to proceed without prepayment of fees is granted.[3]

> B.    Sufficiency of Plaintiff's Complaint

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In

---

[2]    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]    Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

deciding whether a complaint states a colorable claim, a court must extend

a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*,

912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should

be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before

the adverse party has been served and the parties have had an

opportunity to address the sufficiency of plaintiff's allegations, *Anderson v.*

*Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an

overarching obligation to determine that a claim is not legally frivolous

before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.,*

*Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d

Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous

complaint, notwithstanding the fact that the plaintiff paid the statutory filing

fee). "Legal frivolity . . . occurs where 'the claim is based on an

indisputably meritless legal theory [such as] when either the claim lacks an

arguable basis in law, or a dispositive defense clearly exists on the face of

the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408,

1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also*

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if

the legal theory . . . or factual contentions lack an arguable basis."); *Pino*

5

*v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

     C.   <u>Analysis</u>

     Federal district courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). In accepting matters for adjudication, district courts must ensure that the subject matter requirement is met and may raise the question of jurisdiction *sua sponte* at any point in the litigation. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir.1997) ("[A] challenge to subject matter jurisdiction . . . may be raised . . . *sua sponte*." (quotation marks and alterations omitted)). "Where jurisdiction is lacking, . . . dismissal is mandatory." *United Food &*

*Commercial Workers Union, Local 919, AFL-CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Generally speaking, absent a statutory grant of jurisdiction relating to a specific cause of action, federal court jurisdiction is available only when either (1) a federal question is presented, or (2) the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Even liberally construing plaintiff's complaint in this case, it does not assert a cause of action arising "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Rather, the assault and battery causes of action asserted in plaintiff's complaint are New York State common law claims. *See, e.g., Holland v. City of Poughkeepsie*, 935 N.Y.S.2d 583, 591 (2d Dep't 2011) (identifying the plaintiff's assault and battery causes of action as "New York common-law claims"). Turning to whether diversity jurisdiction exists, 28 U.S.C. § 1332 requires, *inter alia*, that the action be between "citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Plaintiff's complaint in this action does not allege that any of the defendants are not New York residents, and indeed, to the contrary, it suggests that both she all of the named defendants reside in New York.

Dkt. No. 1 at 1-2. Accordingly, it does not appear that the court has subject matter jurisdiction over plaintiff's claims on the basis of diversity of citizenship.

Because plaintiff's complaint alleges no facts suggesting that the court has subject matter jurisdiction over her assault and battery claims, I recommend that it be dismissed.[4]

C.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of

---

[4]    In addition, it is worth noting at this juncture that, in New York, assault and battery are subject to a one-year statute of limitations. N.Y. C.P.L.R. § 215. Because the incident giving rise to plaintiff's claims occurred on March 7, 2011, Dkt. No. 1 at 12, 19, it is likely that they would be subject to dismissal as time-barred.

9

action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, in deference to plaintiff's *pro se* status, I recommend that she be granted the opportunity to amend her complaint to cure the jurisdictional deficiencies identified in this report. If plaintiff chooses to file an amended complaint, her amended pleading must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, plaintiff is informed that any amended complaint will replace the existing complaint, and it must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See*

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

IV.   <u>SUMMARY, ORDER, AND RECOMMENDATION</u>

Having reviewed plaintiff's IFP application, I conclude that she qualifies for leave to proceed without prepayment of fees. Turning to the merits of her complaint, however, I find that it fails to reveal a basis for this court's subject matter jurisdiction. Accordingly, it is hereby

ORDERED that plaintiff's application for leave to proceed without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further

ORDERED that the clerk is respectfully directed to modify the court's records to reflect plaintiff's name as "Theresa A. Logan f/k/a Theresa A. Odejimi"; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 1) be DISMISSED with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this

report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

order, report, and recommendation upon plaintiff in accordance with this

court's local rules.

Dated:     June 26, 2018
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[5]       If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).