UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THERESA A. LOGAN, f/k/a
Theresa A. Odejimi,

                Plaintiff,

v.
                                        3:18-CV-0593
                                        (GTS/DEP)

TOWN OF WINDSOR; NEW YORK MUN. INS.
RECIPROCAL, Ins. Co. for the Town of Windsor;
MR. ROBERT BRINKS, Driver, Snow Plow Truck
for the Town of Windsor; and MR. GREGG STORY,
Snow Plow Truck Wingman for the Town of Windsor,

                Defendants.
_____

APPEARANCES:

THERESA A. LOGAN
  Plaintiff, *Pro Se*
50 Williams Road
Windsor, New York 13865

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* personal-injury action filed by Theresa Logan ("Plaintiff") against the Town of Windsor, two of its employees and its insurance company ("Defendants"), is United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed for lack of subject-matter jurisdiction unless Plaintiff files an Amended Complaint to correct the jurisdictional pleading deficiencies identified in the Report-Recommendation. (Dkt. No. 4.) Rather than file an Objection to the Report-Recommendation, Plaintiff has filed an Amended Complaint. (Dkt. No.

5.)¹  Because Plaintiff has filed no Objection to the Report-Recommendation, the standard of review is one of clear error.²  After carefully considering the Report-Recommendation's conclusion that Plaintiff's action be dismissed if she fails to correct the pleading defects in her original Complaint, the Court finds no clear error with that conclusion for the reasons stated therein.  To those reasons, the Court adds the following analysis.

Although Magistrate Judge Peebles recommended that the Complaint be dismissed but that Plaintiff be permitted to amend that Complaint, the Court respectfully construes this recommendation as one that the Complaint be dismissed *unless* Plaintiff successfully amends the Complaint.³

---

¹  The Court notes that, in the Amended Complaint, Plaintiff included a statement that she "does [sic] not object, and I agree with, Chief U.S. Magistrate Judge David E. Peebles Order, Report, and Recommendation." (Dkt. No. 5, at 2.)

²  When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

³  This is because, while the Court recognizes it may be in the minority in this regard, it has some difficulty understanding how, if it were to dismiss the Complaint now, it could properly be said to retain jurisdiction over the action so as to enable Plaintiff to file an Amended Complaint.  This is especially true if the dismissal were due to the lack of subject-matter jurisdiction.  *See, infra,* note 4 of this Decision and Order.  After all, courts have jurisdiction over actions, and actions require pending complaints in the sense that the actions are commenced by the filing of those complaints and are generally (i.e., except with regard to certain ancillary matters) terminated by the dismissal of those complaints.  The Court respectfully believes that acting as though it retains jurisdiction over a complaint-free action is both unnecessary and confusing (e.g., leading courts to disagree regarding whether an action has been dismissed pursuant to Fed. R. Civ. P. 12[b][6] or Fed. R. Civ. P. 41[a] where a litigant has failed to comply with a Court order to file an actionable amended complaint following the dismissal of the original complaint for failure to state a claim).

Moreover, the Court does not conclude that it lacks subject-matter jurisdiction over Plaintiff's Complaint.[4] This is because, under the circumstances, the Court believes that, as much as a state-law tort claim against diverse parties, the strongest[5] claim that Plaintiff attempts to be asserting is a constitutional claim pursuant to 42 U.S.C. § 1983. *See, e.g., Sharpe v. Town of Greece*, 09-CV-6452, 2010 WL 1816639, at *4-6 (W.D.N.Y. May 3, 2010) (evaluating pleading sufficiency of plaintiff's claims against town based on car accident and post-accident "cover up" as arising under [1] the Fourteenth Amendment's Due Process Clause of the Fourteenth Amendment and state-created danger doctrine, and [2] the First Amendment's right of access to the courts). Furthermore, if Plaintiff fails in that attempt, the result would not be that the Court lacks subject-matter jurisdiction over the action under Fed. R. Civ. P. 12(b)(1) but that Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). *Sharpe*, 2010 WL 1816639, at *4-6.

Unfortunately, Plaintiff's Amended Complaint does not cure the pleading defects identified by Magistrate Judge Peebles in his thorough Report-Recommendation.[6] For example, the Amended Complaint does not allege any gender-based or national-origin-based

---

[4] The Court notes that, were it to render such a conclusion now, the Court believes the result would be an immediate dismissal of the *entire action* without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss *the action*.") (emphasis added); *see, e.g., Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("If subject matter jurisdiction is lacking, the *action* must be dismissed.") (emphasis added).

[5] *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) ("[C]ourts must construe pro se pleadings broadly, and interpret them to raise the strongest arguments that they suggest.").

[6] Indeed, in her Amended Complaint, Plaintiff actually alleges fewer relevant facts, and more irrelevant facts, than in her original Complaint (which incorporated numerous documents by reference and/or attachment). (*Compare* Dkt. No. 1 *with* Dkt. No. 5.)

discrimination to give rise to a claim under Title VII. Moreover, although Plaintiff has abandoned the Title VII form on which she filled out her original Complaint, her Amended Complaint does not allege facts plausibly suggesting that Defendant New York Municipal Insurance Reciprocal is a citizen of a state other than New York (so as to invoke diversity jurisdiction). Furthermore, the Amended Complaint does not allege either events occurring within three years of the date of the filing of the Complaint or facts plausibly suggesting an exception to the statute of limitations (such as a continuing violation).[7] In addition, the Amended Complaint does not solve the apparent problems posted by the filing of a prior state-court action arising from the same events (e.g., problems of ripeness and/or problems stemming from the doctrines of collateral estoppel and/or res judicata) given that the Amended Complaint continues to reference the state-court action.[8] Finally, the Amended Complaint does not cure the other pleading defect perceived by the Court: the lack of factual allegations plausibly suggesting that either the town or its two employees violated her rights under either the Fourteenth or First Amendments.

---

[7] The Court notes that the pleading defect of untimeliness (identified in note 4 of the Report-Recommendation) arises under Fed. R. Civ. P. 12(b)(6), not Fed. R. Civ. P. 12(b)(1). *See Sorrentino v. Barr Labs., Inc.*, 09-CV-0591, 2010 WL 2026135, at *1 (N.D.N.Y. May 20, 2010) ("A motion to dismiss on the basis that an action is barred by the statute of limitations is analyzed under Federal Rule of Civil Procedure 12(b)(6), not 12(b)(1).") (internal quotation marks omitted).

[8] The Court notes that the pleading defects resulting from the doctrines of collateral estoppel and res judicata (alluded to in note 1 of the Report-Recommendation) arises under Fed. R. Civ. P. 12(b)(6), not Fed. R. Civ. P. 12(b)(1). *See Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir.1994) ("[T]he doctrine of res judicata or issue preclusion in no way implicates jurisdiction. Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)."); Calemine v. Gesell, 06-CV4736, 2007 WL 2973708, at *1 n.1 (E.D.N.Y. Sept. 28, 2007) ("Though Defendants move pursuant to Rule 12(b)(1) and 12(b)(6) for failure to state a claim, the grounds for their motion, res judicata and statute of limitations, are both properly considered under Rule 12(b)(6).").

Finally, although the Amended Complaint does not cure the pleading defects in her original Complaint, Plaintiff did not have the benefit for this Decision and Order when she filed that Amended Complaint. Generally, such a benefit is favored, if not required, by the Second Circuit. *See Cresci v. Mohawk Valley Cmty. College*, 693 F. App'x 21, 25 (2d Cir. 2017) ("The proper time for a plaintiff to move to amend the complaint is when the plaintiff learns from the District Court in what respect the complaint is deficient . . . [because,] [b]efore learning from the court what are its deficiencies, the plaintiff cannot know whether he is capable of amending the complaint efficaciously."). As a result, Plaintiff will be given one *final* chance to correct those pleading defects. Should she fail to do so, her Amended Complaint will be dismissed with prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 5) shall be **DISMISSED with prejudice** without further Order of this Court unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files a Second Amended Complaint that cures the pleading defects identified in this Decision and Order and Magistrate Judge Peebles' Report-Recommendation; and it is further

**ORDERED** that, should Plaintiff file a Second Amended Complaint within the above-described time period, that Second Amended Complaint shall be referred to Magistrate Judge Peebles for his review.

Dated: August 14, 2018
      Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge