UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THERESA A. LOGAN, f/k/a Theresa A. Odejimi,

                Plaintiff,

v.                                          3:18-CV-0593
                                          (GTS/DEP)

TOWN OF WINDSOR; MR. ROBERT BRINKS,
Driver, Snow Plow Truck for the Town of Windsor;
MR. GREGG STORY, Snow Plow Truck Wingman
for the Town of Windsor; and NEW YORK MUN.
INS. RECIPROCAL, Ins. Co. for the Town of Windsor,

                Defendants.
_____

APPEARANCES:

THERESA A. LOGAN
  Plaintiff, *Pro Se*
50 Williams Road
Windsor, New York 13865

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Theresa A. Logan ("Plaintiff") against the Town of Windsor, two of its employees, and its insurance carrier ("Defendants"), is United States Magistrate Judge David E. Peebles' Report-Recommendation of September 28, 2018, recommending that Plaintiff's Second Amended Complaint be dismissed with prejudice. (Dkt. No. 8.) In response to the Report-Recommendation, Plaintiff has filed a motion to appoint counsel, a one-page "Objection" to the Report-Recommendation, and what purports to be an "Amended Complaint." (Dkt. Nos. 10, 12, 13.)

Because Magistrate Judge Peebles' Report-Recommendation is ready for decision without the need for further briefing from Plaintiff, the Court will review the Report-Recommendation before addressing Plaintiff's motion to appoint counsel.

The Court prefaces its review of the Report-Recommendation by noting that, because the "Amended Complaint" that Plaintiff filed in response to the Report-Recommendation (which was, in fact, her *Third* Amended Complaint) required but did not have prior leave of the Court, that document is a nullity. Fed. R. Civ. P. 15(a)(2). In any event, the Court notes that Plaintiff's Third Amended Complaint is only 13 pages in length and lacks any exhibits, as compared to her Second Amended Complaint, which is 21 pages in length and has 98 pages of exhibits. As a result, it is unclear to the Court how Plaintiff's Third Amended Complaint could likely cure the pleading defects identified in the Report-Recommendation. Indeed, a cursory review of the Third Amended Complaint reveals that, indeed, it does not do so.

Also worthy of a prefatory note is the fact that Plaintiff's one-page "Objection" contains no specific challenge to the Report-Recommendation. (Dkt. No. 12.) When a *specific* challenge is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the challenge must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] However, when only a *general* challenge is

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set

made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

With these preliminary thoughts in mind, the Court will now turn to a review of the Report-Recommendation. After carefully reviewing the relevant papers herein, including Magistrate Judge Peebles' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[2] Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein; Plaintiff's Second Amended Complaint is dismissed; and Plaintiff's motion to appoint counsel is denied as a moot.

The Court would add only that, even if it were to address the merits of Plaintiff's motion to appoint counsel, it would deny that motion as unsupported by a showing of cause, based on (1) Plaintiff's ability to effectively litigate this action *pro se* thus far, (2) the fact that, at this

---

forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] When performing a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

point, the case does not appear to present issues that are novel or more complex than those raised in most civil rights actions, (3) the fact that there do not appear to be any special reasons that appointment of counsel at this time would be more likely to lead to a just determination of this litigation that the lack of such appointment.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 7) is **DISMISSED with prejudice**.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith pursuant 28 U.S.C. § 1915(a)(3).

Dated: December 17, 2018
      Syracuse, New York

                                                Hon. Glenn T. Suddaby
                                                Chief U.S. District Judge